UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

LEONARDO CELORRIO, an individual,

    Plaintiff,

vs.

                              COMPLAINT

FACCI OF MERRICK PARK, INC., a Florida
for-profit corporation, FABRIZIO BUONO, an
individual, and KOSMAS KALAS, an
individual,

    Defendants.
_____/

## COMPLAINT

COMES NOW Plaintiff LEONARDO CELORRIO ("Plaintiff" or "Celorrio"), by and through undersigned counsel, and files his Complaint against Defendants FACCI OF MERRICK PARK, INC., a Florida for-profit corporation, FABRIZIO BUONO, an individual, and KOSMAS KALAS, an individual (together, "Defendants") for unpaid minimum wage compensation, unpaid overtime wage compensation, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA"), and declaration of rights.

### I.    NATURE OF THE CASE

1. Plaintiff was employed as a server at Villagio, located at 360 San Lorenzo Avenue, Coral Gables, Florida, from approximately 2015 to December, 2017, approximately.

1

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

2. Defendants suffered or permitted Plaintiff to work but did not pay him for all hours worked.

3. Defendants required Plaintiff, who was paid below the minimum wage as a tipped employee, to share his tips with non-tipped employees who did not have regular customer contact.

4. Plaintiff is seeking minimum and overtime wages under the Federal law for the maximum three-year period preceding filing of the Complaint.

## II.   JURISDICTION AND VENUE

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because Defendants' restaurant Villagio is situated in this District; and because most, if not all, of the operational decisions were made in this District.

6. This Court has original jurisdiction over Plaintiff's federal question claims.

## III.   PARTIES

7. Plaintiff LEONARDO CELORRIO ("Plaintiff" or "Celorrio") is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

8. Defendant FACCI OF MERRICK PARK, INC. ("Facci"), is a Florida for-profit company that owns and operates the Villagio restaurant ("Villagio") where Celorrio worked, located in Coral Gables, Florida.

9. Defendant FABRIZIO BUONO, an individual and *sui juris*, was the general manager of Villagio restaurant and employer of Celorrio at Villagio. BUONO acted directly and indirectly in the interest of Facci. According to the sworn affidavit of the owner of Facci, KOSMAS KALAS, BUONO: (1) handles all day-to-day operations of Facci; (2) hires and

2

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

fires employees; (3) sets the rates of pay of employees of Facci; (4) sets employees' schedules; (5) disciplines employees of Facci; and (6) is responsible for day-to-day purchase decisions. BUONO had management responsibilities, a degree of control over the corporation's financial affairs and compensation practices, and was in a position to exert substantial authority over policy relating to employee wages and whether to compensate (or not to compensate) employees at Villagio in accordance with the FLSA, making Defendant FABRIZIO BUONO an employer pursuant to 29 USC § 203(d).

10. Defendant KOSMAS KALAS, an individual and *sui juris*, was an owner and director of Facci and employer of Celorrio at Villagio. KOSMAS KALAS acted directly and indirectly in the interest of Facci. KOSMAS KALAS managed Villagio and had the power to direct employees' actions.  KOSMAS KALAS had management responsibilities, a degree of control over the corporation's financial affairs and compensation practices, and was in a position to exert substantial authority over policy relating to employee wages and whether to compensate (or not to compensate) employees at Villagio in accordance with the FLSA, making Defendant KOSMAS KALAS an employer pursuant to 29 USC § 203(d).

## IV.   COVERAGE

11. During all material times, Defendant FACCI OF MERRICK PARK, INC. was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, because the enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

12. During all material times, Defendant FACCI OF MERRICK PARK, INC. was an employer as defined by 29 U.S.C. § 203(d).

13. During all material times, Defendant FABRIZIO BUONO was an employer as defined by 29 U.S.C. § 203(d).

14. During all material times, Defendant KOSMAS KALAS was an employer as defined by 29 U.S.C. § 203(d).

15. During all material times, the enterprise has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

16. During all material times, the enterprise employed two or more people.

## V.   FACTUAL ALLEGATIONS

17. During the relevant time period for this claim, Defendants have operated a restaurant known as Villagio.

18. Celorrio worked for Defendants at Villagio, located at 360 San Lorenzo Avenue, Coral Gables, Florida, from approximately 2015 to December, 2017, the approximate last day of Celorrio's employment. As the statutory time limit under the FLSA is three years, the FLSA Relevant Time Period will cover Celorrio's employment with Defendants from December 24, 2016 through the end of his employment.

19. The applicable Florida minimum wage was $8.05 per hour in 2015 and 2016, $8.10 per hour in 2017, and $8.25 per hour in 2018.

20. During the FLSA Relevant Time Period, the applicable overtime wage was one-and-one-half times Celorrio's regular rate of pay.

4

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

21. Throughout his employment, Plaintiff regularly worked in excess of forty (40) hours per seven-day week.

22. Plaintiff was required to maintain his required uniform with his own wages, taking his hourly wage below the legal minimum, in violation of the FLSA.

23. Plaintiff was required to pay for, and did pay for, customer walkouts and misordered food items, in violation of the FLSA.

24. Defendants did not pay Plaintiff for all hours suffered or permitted, for one or more weeks.

25. Although Plaintiff, a server, was paid as a tipped employee, Plaintiff was required to share his tips with non-tipped employees who did not have regular customer contact.

26. Defendants knew or showed reckless disregard as to whether their policies concerning minimum and overtime wages were legal under the FLSA, thus they willfully engaged in practices that denied Plaintiff the applicable minimum and overtime wage.

27. Defendants' acts and omissions that gave rise to this action were not in good faith reliance on relevant case law or statements or findings of the Department of Labor.

28. Defendants failed to maintain accurate and trustworthy work records.

29. As a result of suffering or permitting Celorrio to work without paying him all of the Florida minimum wages and overtime wages due, Defendants did not satisfy the requirements of 29 U.S.C. § 203(m) and § 2l5(a)(2) during the Relevant Time Period and must therefore pay Plaintiff the full minimum and overtime wage for each hour worked.

30. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

5

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

## COUNT I
## FAILURE TO PAY MINIMUM WAGE IN
## <u>VIOLATION OF THE FLSA, 29 U.S.C. § 201,</u> *et seq*

31. Plaintiff reincorporates and re-alleges paragraphs 1 through 29 as though set forth fully herein and further alleges as follows:

32. Defendants employed Plaintiff during the statutory time period.

33. Defendants willfully and intentionally suffered or permitted Plaintiff to work hours up to forty per workweek without paying him the Florida minimum wage due.

34. Defendants required Plaintiff to share his tips with non-tipped employees who did not have regular customer contact.

35. By suffering or permitting Plaintiff to work without paying him the Florida minimum wage due, Defendants owe Plaintiff the full minimum wage for each hour worked up to forty hours in a week.

36. As a direct and proximate result of the violations listed herein, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff LEONARDO CELORRIO demands judgment in his favor and against Defendants FACCI OF MERRICK PARK, INC., FABRIZIO BUONO, and KOSMAS KALAS, jointly and severally, as follows:

   a) Award to Plaintiff for payment of all hours worked up to forty hours per week at the full minimum wage;

   b) Award to Plaintiff liquidated damages equal to the payment of all hours worked up to forty hours per week at the full minimum wage owed or, if liquidated damages are not awarded, then prejudgment interest;

   c) Award to Plaintiff reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## COUNT II
## FAILURE TO PAY OVERTIME WAGE COMPENSATION
## IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

37. Plaintiff reincorporates and re-alleges paragraphs 1 through 29 as though set forth fully herein and further alleges as follows:

38. Defendants employed Plaintiff during the statutory time period.

39. Defendants suffered or permitted Plaintiff to regularly work hours in excess of forty per workweek.

40. Defendants willfully and intentionally suffered or permitted Plaintiff to work hours in excess of forty hours per workweek without paying his statutory overtime wages.

41. Defendants required Plaintiff to share his tips with non-tipped employees who did not have regular customer contact.

42. By suffering or permitting Plaintiff to work overtime hours without paying his the statutory overtime wages due, Defendants owe Plaintiff one-and-one-half time his regular rate of pay for all hours worked in excess of forty per workweek.

43. As a direct and proximate result of the violations listed herein, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff LEONARDO CELORRIO demands judgment in his favor and against Defendants FACCI OF MERRICK PARK, INC., FABRIZIO BUONO, and KOSMAS KALAS, jointly and severally, as follows:

a) Award to Plaintiff for payment of all hours suffered or permitted in excess of forty hours per week at the rate of one-and-a-half times his regular rate of pay;

7

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

b) Award to Plaintiff liquidated damages equal to the payment of all hours worked in excess of forty hours per week at the rate of one-and-a-half times his regular rate of pay or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiff reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted on December 24, 2019.

By: **s/Robert W. Brock II**
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **December 24, 2019**, I electronically filed the foregoing document via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: **s/Robert W. Brock II**
Robert W. Brock II, Esq.
*Attorney for Plaintiff*

8

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808