# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION
# CASE No. 19-cv-25283-KMW

LEONARDO CELORRIO and MIKAEL
MORALES,

      Plaintiffs,

vs.

FACCI OF MERRICK PARK, INC., a Florida
for-profit corporation, FABRIZIO BUONO, an
individual, and KOSMAS KALAS, an
individual,

      Defendants.

_____/

## SECOND AMENDED COMPLAINT

COME NOW Plaintiffs LEONARDO CELORRIO ("Celorrio"), and MIKAEL

MORALES ("Morales"), by and through undersigned counsel pursuant to Fed. R. Civ. P. 15file

their Second Amended Complaint against Defendants FACCI OF MERRICK PARK, INC., a

Florida for-profit corporation, FABRIZIO BUONO, an individual, and KOSMAS KALAS, an

individual (together, "Defendants") for unpaid minimum wage compensation, unpaid overtime

wage compensation, liquidated damages, and other relief under the Fair Labor Standards Act of

1938, 29 U.S.C. § 201, et seq. ("FLSA"), and for unpaid minimum wage compensation,

liquidated damages, and other relief under the Florida Constitution, Art. X, Sect. 24 and Fla. Stat.

¶ 448.110 (together, the "FMWA") and declaration of rights.

1

## I.     NATURE OF THE CASE

1. Plaintiff Celorrio was employed as a server at Villagio, located at 360 San Lorenzo Avenue, Coral Gables, Florida, from approximately 2015 to December, 2017, approximately.

2. Plaintiff Morales was employed as an expediter at Villagio, located at 360 San Lorenzo Avenue, Coral Gables, Florida, from approximately 2009 to August, 2017, approximately.

3. Defendants regularly suffered or permitted Plaintiffs to work off-the-clock without an hourly wage.

4. In addition, Defendants required Plaintiff Celorrio, who was paid below the minimum wage as a tipped employee, to share his tips with non-tipped employees who did not have regular customer contact.

5. Under the FLSA, Plaintiffs are seeking minimum and overtime wages under the Federal law for the maximum three-year period preceding filing of the Complaint, and under the FMWA Plaintiffs are seeking minimum wages under Florida law for the maximum five-year period from the date of demand letter sent pursuant to Fla. Stat. 3448.110(6).

## II.    JURISDICTION AND VENUE

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because Defendants' restaurant Villagio is situated in this District; and because most, if not all, of the operational decisions were made in this District.

7. This Court has original jurisdiction over Plaintiffs' federal and Florida question claims.

2

### III.   PARTIES

8.  Plaintiff LEONARDO CELORRIO ("Celorrio") is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

9.  Plaintiff MIKAEL MORALES ("Morales") is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

10. Defendant FACCI OF MERRICK PARK, INC. ("Facci"), is a Florida for-profit company that owns and operates the Villagio restaurant ("Villagio") where Plaintiffs worked, located in Coral Gables, Florida.

11. Defendant FABRIZIO BUONO, an individual and *sui juris*, was the general manager of Villagio restaurant and employer of Plaintiffs at Villagio. BUONO acted directly and indirectly in the interest of Facci. BUONO: (1) handles all day-to-day operations of Facci; (2) hires and fires employees; (3) sets the rates of pay of employees of Facci; (4) sets employees' schedules; (5) disciplines employees of Facci; and (6) is responsible for day-to-day purchase decisions. BUONO had management responsibilities, a degree of control over the corporation's financial affairs and compensation practices, and was in a position to exert substantial authority over policy relating to employee wages and whether to compensate (or not to compensate) employees at Villagio in accordance with the FLSA and FMWA, making Defendant FABRIZIO BUONO an employer pursuant to 29 USC § 203(d) and therefore the FMWA.

12. Defendant KOSMAS KALAS, an individual and *sui juris*, was an owner and director of Facci and employer of Plaintiffs at Villagio. KOSMAS KALAS acted directly and indirectly

3

in the interest of Facci. KOSMAS KALAS managed Villagio and had the power to direct employees' actions.   KOSMAS KALAS had management responsibilities, a degree of control over the corporation's financial affairs and compensation practices, and was in a position to exert substantial authority over policy relating to employee wages and whether to compensate (or not to compensate) employees at Villagio in accordance with the FLSA and FMWA, making Defendant KOSMAS KALAS an employer pursuant to 29 USC § 203(d) and therefore the FMWA.

## IV.   <u>COVERAGE</u>

13. During all material times, Defendant FACCI OF MERRICK PARK, INC. was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, because the enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

14. During all material times, Defendant FACCI OF MERRICK PARK, INC. was an employer as defined by 29 U.S.C. § 203(d) and the FMWA.

15. During all material times, Defendant FABRIZIO BUONO was an employer as defined by 29 U.S.C. § 203(d) and the FMWA.

16. During all material times, Defendant KOSMAS KALAS was an employer as defined by 29 U.S.C. § 203(d) and the FMWA.

4

17. During all material times, the enterprise has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

18. During all material times, the enterprise employed two or more people.

## V.   **FACTUAL ALLEGATIONS**

19. During the relevant time period for this claim, Defendants have operated a restaurant known as Villagio, located at 360 San Lorenzo Avenue, Coral Gables, Florida.

20. Celorrio worked for Defendants as a server at Villagio, located at 360 San Lorenzo Avenue, Coral Gables, Florida, from approximately 2015 to December, 2017. As the statutory time limit under the FLSA is three years, the FLSA Relevant Time Period will cover Celorrio's employment with Defendants from December 24, 2016 through the end of his employment.

21. Morales worked for Defendants as an expediter at Villagio, located at 360 San Lorenzo Avenue, Coral Gables, Florida, from approximately 2009 to December, 2017. As the statutory time limit under the FLSA is three years, the FLSA Relevant Time Period will cover Morales' employment with Defendants from January 29, 2017 through the end of his employment, and the FMWA Relevant Time Period will cover Morales' employment from July 26, 2014 to the end of his employment.

22. The applicable Florida minimum wage was $7.93 in 2014, $8.05 per hour in 2015 and 2016, $8.10 per hour in 2017, $8.25 per hour in 2018, and $8.46 per hour in 2019.

23. During the FLSA Relevant Time Period, the applicable overtime wage was one-and-one-half times Plaintiffs' regular rate of pay.

24. Throughout their employment, Plaintiffs regularly worked in excess of forty (40) hours per seven-day week.

5

25. Plaintiff Celorrio was required to pay for, and did pay for, customer walkouts and misordered food items, in violation of the FLSA and FMWA.

26. Defendants did not pay Plaintiffs for all hours suffered or permitted, for one or more weeks.

27. Although Celorrio, a server, was paid as a tipped employee, Celorrio was required to share his tips with non-tipped employees who did not have regular customer contact.

28. Defendants knew or showed reckless disregard as to whether their policies concerning minimum and overtime wages were legal under the FLSA and FMWA, thus they willfully engaged in practices that denied Plaintiffs the applicable minimum and overtime wage.

29. Defendants' acts and omissions that gave rise to this action were not in good faith reliance on relevant case law or statements or findings of the Department of Labor.

30. Defendants failed to maintain accurate and trustworthy work records.

31. As a result of suffering or permitting Plaintiffs to work without paying them all of their Florida minimum wages and overtime wages due, Defendants did not satisfy the requirements of 29 U.S.C. § 203(m) and § 2l5(a)(2) during the FLSA Relevant Time Period and must therefore pay Plaintiffs the full minimum and overtime wage for each hour worked for the three years prior to filing.

32. As a result of suffering or permitting Plaintiffs to work without paying them all of their Florida minimum wages due, Defendants did not satisfy the requirements of Art. X, Sect. 24 of the Florida Constitution during the FMWA Relevant Time Period and must therefore pay Plaintiffs the full minimum wage for each unpaid hour worked for the five years prior to filing.

33. Plaintiffs retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

6

## COUNT I (LEONARDO CELORRIO)
## UNPAID WAGES & TIPS -
## FAILURE TO PAY MINIMUM WAGE IN
## <u>VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seg*</u>

34. Plaintiffs reincorporate and re-allege paragraphs 1 through 33 as though set forth fully herein and further allege as follows:

35. Defendants employed Plaintiffs during the statutory time period.

36. Defendants willfully and intentionally suffered or permitted Plaintiffs to work hours up to forty per workweek without paying them for all hours worked.

37. Defendants required Plaintiff Celorrio to share his tips with non-tipped employees who did not have regular customer contact.

38. By suffering or permitting Plaintiffs to work hours pay, and for requiring Celorrio to share his tips with non-tipped employees, Defendants owe Plaintiffs the return of the tips as well as payment of the tip credit that Defendants' utilized.

39. As a direct and proximate result of the violations listed herein, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff LEONARDO CELORRIO demands judgment in his favor and against Defendants FACCI OF MERRICK PARK, INC., FABRIZIO BUONO, and KOSMAS KALAS, jointly and severally, as follows:

    a)  Award to Plaintiff for payment of all hours worked up to forty hours per week at the full minimum wage;

    b)  Award to Plaintiff liquidated damages equal to the payment of all hours worked up to forty hours per week at the full minimum wage owed or, if liquidated damages are not awarded, then prejudgment interest;

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

    c)  Return of the missappropriated tips;

    d)  Award to Plaintiff reasonable attorneys' fees and costs; and

    e)  Award such other and further relief as this Court may deem just and proper.

**COUNT II (MIKAEL MORALES)**
**UNPAID WAGES & TIPS -**
**FAILURE TO PAY MINIMUM WAGE IN**
**<u>VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*</u>**

40. Plaintiff reincorporates and re-allege paragraphs 1 through 33 as though set forth fully herein and further allege as follows:

41. Defendants employed Plaintiff during the statutory time period.

42. Defendants willfully and intentionally suffered or permitted Plaintiff to work hours up to forty per workweek without paying him for all hours worked.

43. Defendants required Plaintiff Morales to share his tips with non-tipped employees who did not have regular customer contact.

44. By suffering or permitting Plaintiffs to work hours pay, and for requiring Morales to share his tips with non-tipped employees, Defendants owe Plaintiffs the return of the tips as well as payment of the tip credit that Defendants' utilized.

45. As a direct and proximate result of the violations listed herein, Plaintiff has been damaged for one or more weeks of work with Defendants.

    WHEREFORE, Plaintiff MIKAEL MORALES demands judgment in his favor and against Defendants FACCI OF MERRICK PARK, INC., FABRIZIO BUONO, and KOSMAS KALAS, jointly and severally, as follows:

    a)  Award to Plaintiffs for payment of all hours worked up to forty hours per week at the full minimum wage;

8

b)  Award to Plaintiff liquidated damages equal to the payment of all hours worked up to forty hours per week at the full minimum wage owed or, if liquidated damages are not awarded, then prejudgment interest;

c)  Return of the missappropriated tips;

d)  Award to Plaintiff reasonable attorneys' fees and costs; and

e)  Award such other and further relief as this Court may deem just and proper.

**COUNT III (LEONARDO CELORRIO)**
**FAILURE TO PAY OVERTIME WAGE COMPENSATION**
**IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq***

46. Plaintiff reincorporates and re-allege paragraphs 1 through 33 as though set forth fully herein and further allege as follows:

47. Defendants employed Plaintiff during the statutory time period.

48. Defendants suffered or permitted Plaintiff to regularly work hours in excess of forty per workweek.

49. Defendants willfully and intentionally suffered or permitted Plaintiff to work hours in excess of forty hours per workweek without paying them the statutory overtime wages.

50. Defendants required Plaintiff Cellorio to share his tips with non-tipped employees who did not have regular customer contact.

51. By suffering or permitting Plaintiff to work overtime hours without paying him the statutory overtime wages due, and by requiring Cellorio to share his tips with non-tipped employees, Defendants owe Plaintiffs one-and-one-half time their regular rate of pay for all hours worked in excess of forty per workweek as well as the return of any misappropriated tips.

52. As a direct and proximate result of the violations listed herein, Plaintiff has been damaged for one or more weeks of work with Defendants.

9

WHEREFORE, Plaintiff LEONARDO CELORRIO demands judgment in his favor and against Defendants FACCI OF MERRICK PARK, INC., FABRIZIO BUONO, and KOSMAS KALAS, jointly and severally, as follows:

a) Award to Plaintiff for payment of all hours suffered or permitted in excess of forty hours per week at the rate of one-and-a-half times their regular rate of pay;

b) Award to Plaintiff liquidated damages equal to the payment of all hours worked in excess of forty hours per week at the rate of one-and-a-half times their regular rate of pay or, if liquidated damages are not awarded, then prejudgment interest;

c) The return of all misappropriated tips;

d) Award to Plaintiffs reasonable attorneys' fees and costs; and

e) Award such other and further relief as this Court may deem just and proper.

### COUNT IV (MIKAEL MORALES)
### FAILURE TO PAY OVERTIME WAGE COMPENSATION
### IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

53. Plaintiff reincorporates and re-allege paragraphs 1 through 33 as though set forth fully herein and further allege as follows:

54. Defendants employed Plaintiff during the statutory time period.

55. Defendants suffered or permitted Plaintiffs to regularly work hours in excess of forty per workweek.

56. Defendants willfully and intentionally suffered or permitted Plaintiff to work hours in excess of forty hours per workweek without paying them the statutory overtime wages.

57. Defendants required Plaintiff Morales to share his tips with non-tipped employees who did not have regular customer contact.

10

58. By suffering or permitting Plaintiff to work overtime hours without paying him the statutory overtime wages due, and by requiring Morales to share his tips with non-tipped employees, Defendants owe Plaintiffs one-and-one-half time their regular rate of pay for all hours worked in excess of forty per workweek as well as the return of any misappropriated tips.

59. As a direct and proximate result of the violations listed herein, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff LEONARDO CELORRIO demands judgment in his favor and against Defendants FACCI OF MERRICK PARK, INC., FABRIZIO BUONO, and KOSMAS KALAS, jointly and severally, as follows:

f)  Award to Plaintiff for payment of all hours suffered or permitted in excess of forty hours per week at the rate of one-and-a-half times their regular rate of pay;

g)  Award to Plaintiff liquidated damages equal to the payment of all hours worked in excess of forty hours per week at the rate of one-and-a-half times their regular rate of pay or, if liquidated damages are not awarded, then prejudgment interest;

h)  The return of all misappropriated tips;

i)  Award to Plaintiffs reasonable attorneys' fees and costs; and

j)  Award such other and further relief as this Court may deem just and proper.

**COUNT V (LEONARDO CELORRIO)**
**FAILURE TO PAY MINIMUM WAGE IN**
**VIOLATION OF THE FLORIDA CONSTITUTION, ART. X, SECT. 24**

60. Plaintiff Celorrio reincorporates and re-alleges paragraphs 1 through 33 as though set forth fully herein and further alleges as follows:

61. Plaintiff served a demand letter pursuant to 448.110 Fla. Stat. on Defendants on or about December 24, 2019.

11

62. Defendants employed Plaintiff Celorrio under the Florida Constitution during the statutory time period.

63. Defendants failed to pay Celorrio the minimum wage for all hours worked, as required by law.

64. Defendants knew or showed reckless disregard for whether the Florida Constitution prohibited their conduct.

65. By employing Celorrio without paying him the minimum wage for all hours worked, as required by law, Morales has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff LEONARDO CELORRIO demands judgment in his favor and against Defendants FACCI OF MERRICK PARK, INC., FABRIZIO BUONO, and KOSMAS KALAS, jointly and severally, as follows:

a) Award to Celorrio for payment of all unpaid hours worked up to forty hours per week at the full minimum wage as well as repay any misappropriated tips;

b) For all unpaid hours worked which are beyond the statute of limitations under the FLSA, award to Celorrio for payment of these hours at the full minimum wage;

c) Award to Plaintiff Celorrio liquidated damages equal to the payment of all hours worked up to forty hours per week at the full minimum wage owed or, if liquidated damages are not awarded, then prejudgment interest;

d) Award to Plaintiff reasonable attorneys' fees and costs; and

e) Award such other and further relief as this Court may deem just and proper.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## COUNT VI (MIKAEL MORALES)
## FAILURE TO PAY MINIMUM WAGE IN
## <u>VIOLATION OF THE FLORIDA CONSTITUTION, ART. X, SECT. 24</u>

66. Plaintiff Morales reincorporates and re-alleges paragraphs 1 through 33 as though set forth fully herein and further alleges as follows:

67. Plaintiff served a demand letter pursuant to 448.110 Fla. Stat. on Defendants on or about July 26, 2019

68. Defendants employed Plaintiff Morales under the Florida Constitution during the statutory time period.

69. Defendants failed to pay Morales the minimum wage for all hours worked, as required by law.

70. Defendants knew or showed reckless disregard for whether the Florida Constitution prohibited their conduct.

71. By employing Morales without paying him the minimum wage for all hours worked, as required by law, Morales has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff MIKAEL MORALES demands judgment in his favor and against Defendants FACCI OF MERRICK PARK, INC., FABRIZIO BUONO, and KOSMAS KALAS, jointly and severally, as follows:

    f)  Award to Morales for payment of all unpaid hours worked up to forty hours per week at the full minimum wage as well as repay any misappropriated tips;

    g)  For all unpaid hours worked which are beyond the statute of limitations under the FLSA, award to Morales for payment of these hours at the full minimum wage;

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

h) Award to Plaintiff  liquidated damages equal to the payment of all hours worked up to forty hours per week at the full minimum wage owed or, if liquidated damages are not awarded, then prejudgment interest;

i) Award to Plaintiff reasonable attorneys' fees and costs; and

j) Award such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues so triable.

Respectfully submitted on February 27, 2020.

By: __s/Lowell J. Kuvin__
Lowell J. Kuvin, Esq.
Florida Bar No. 53072
lowell@kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **February 27, 2020**, I electronically filed the foregoing document via CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: __s/Lowell J. Kuvin__
Lowell J. Kuvin, Esq.
*Attorney for Plaintiff*

14