UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE No. 19-cv-25283-TORRES

LEONARDO CELORRIO and
MIKAEL MORALES,

       Plaintiffs,

vs.

FACCI OF MERRICK PARK, INC., a Florida
for-profit corporation, FABRIZIO BUONO, an
individual, and KOSMAS KALAS, an
individual,

       Defendants.
_____/

## **PLAINTIFFS' MOTION FOR COSTS AND ATTACHED BILL OF COSTS**

Plaintiffs, LEONARDO CELORRIO and MIKAEL MORALES ("Plaintiffs"), by and through undersigned counsel, pursuant to 28 U.S.C. § 1920, Fed.R.Civ.P. 54(d)(1), and Local Rule 7.3(c), respectfully moves for an Order taxing costs against Defendants, FACCI OF MERRICK PARK, INC., FABRIZIO BUONO, and KOSMAS KALAS, jointly and severally, and attach hereto, as **composite Exhibit "1,"** a Bill of Costs as required by § 1920 and Local Rule 7.3(c).

## **OVERVIEW**

Final Amended Judgment was entered by this Court in Plaintiff's favor and against Defendants on June 11, 2025.

## ARGUMENT AND MEMORANDUM OF LAW

Federal Rule of Civil Procedure 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be awarded to the prevailing party." Though the Rule is couched in precatory terms, "there is a strong presumption that the prevailing party will be awarded costs." *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007); *accord Smith v. Vaughn*, 171 F.R.D. 323, 326 (M.D. Fla. 1997) ("There is a presumption that prevailing parties will receive costs unless the losing party demonstrates some fault, misconduct, default, or action worthy of penalty on the prevailing side."). Indeed, a "trial court [that] denies the prevailing party its costs . . . must give a reason for its denial of costs so that the appellate court may have some basis upon which to determine if the trial court acted within its discretionary power." *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) (quoting *Gilchrist v. Bolger*, 733 F.2d 1551, 1557 (11th Cir. 1984)) (emphasis added). Thus, the award of costs pursuant to Rule 54(d)(1) is commonly a matter of course.

While Rule 54(d) provides the procedure for the recovery of costs, federal statutes confer the substantive right. Thus, 28 U.S.C. § 1920 provides that a "judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree. In the present case, Plaintiff prepared a bill of costs in an aggregate amount of $10,349.80. *See* **Composite Exhibit "1."** Because the recovery of these expenses is authorized by § 1920, and because Defendants cannot demonstrate any fault, misconduct, default, or action worthy of penalty on Plaintiff's part, Plaintiff's request is appropriate and the Court should tax the enumerated costs as a matter of course.

### Specific Items of Cost

Plaintiff respectfully requests that the Court tax the following items of cost specified in § 1920. Additional detail regarding these costs is provided by the nine (9) invoices and receipts summarizing the costs sought to be taxed and attached hereto as part of **Exhibit "1"**:

| Item | Detail | Amount |
|---|---|---|
| Filing Fee (Fee of the Clerk) | | $400.00 |
| Service of Process | (Defendants and Trial Witness) | $283.00 |
| Deposition of *Fabrizio Buono* | (Defendant) | $733.00 |
| Deposition of *Kosmos Kalas* | (Defendant) | $943.50 |
| Transcript of Discovery Hearing | | $358.90 |
| Deposition Transcript *Maikel Morales* | | $348.00 |
| Translation Services at Trial (English to Spanish) | | $5275.00 |
| Copies made for trial binders and court appearances | (10,042@.20/ea) | $2008.40 |
| **Total** | | **$10,349.80** |

### A. Fees of the Court Reporter

Section 1920(2) awards costs for fees paid to a "court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." This includes not only the cost of hearing transcripts but also the cost of deposition transcripts that are "reasonably necessary." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 622 (11th Cir. 2000). The Eleventh Circuit has held, for example, that "[t]axation of deposition costs of witnesses on the losing party's witness list is reasonable because the listing of those witnesses indicated both that the plaintiff might need the deposition transcripts to cross-examine the witnesses, . . . and that the information those people had on the subject matter was not so irrelevant or so unimportant that their depositions were outside the bound of discovery." *Id.* at 621.

In this case, Plaintiff seeks reimbursement for the court reporters' fees incurred for several depositions that were reasonably necessary for this case. The depositions were important because they were used to support Plaintiffs' Motion for Partial Summary Judgment [D.E. # 112] and were used to support Plaintiff's cross-examination of Defendants at trial. Additionally, the Plaintiff obtained the transcript of MIKAEL MORALES for use during trial preparation, specifically to prepare the Plaintiff's opening statement and review it with MORALES before he testified. The transcript was also essential at trial in anticipation of the Defendant's cross-examination of MORALES.

Fees incurred in connection with depositions noticed and taken by the non-prevailing party are, by their nature, reasonably necessary to the prevailing party. Indeed, the very fact that the adverse party sought their depositions indicates – like the adverse party's identification of individuals on its witness list – that the subject matter is relevant and important and within the

bounds of discovery. *See, e.g.*, *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991)(costs of deposition taxable if, at the time it was taken, it could "reasonably be expected to be used for trial preparation").

**B. Costs for Service of Process**

The statutory limit set forth in 28 C.F.R. § 0.114 provides that fees charged by the United States Marshals Service, or a contractor, for personal service of process shall be $65.00 per hour (or portion thereof).

In the instant case, the private service company hired by Plaintiff, *Caplan, Caplan & Caplan Process Servers* ("CCCPS"), charges a flat fee of $85 per address without regard to the amount of time spent effectuating service. CCCPS personally served Defendant, FABRIZIO BUONO ($85), Defendant, KOSMOS KALAS, INC. ($85), and Defendant FACCI OF MERRICK PARK, INC. ($85). CCCPS also served Julio Pena a witness subpoena along with a witness fee check for which they charged a three-dollar handling fee ($85 + $3). Mr. Pena testified at trial. The total costs paid to CCCPS is $283.00.

The cost associated with personally serving these individuals is specifically recoverable under § 1920(1).

**C. Filing Cost**

§ 1920 specifically allows Plaintiff to recover the "fees of the clerk." Plaintiff paid the Clerk of the Court $400 when this action was filed.

**D. Photocopy Costs**

The costs of photocopies are recoverable if the copies were necessarily obtained for use in the case. *28 U.S.C. § 1920(4); EEOC, supra* at 622-23*; Desisto College, Inc. v. Town of Howey-*

*in-the Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989) (copies of pleadings, discovery, documents tendered by the opposing party and documents prepared for the court's consideration constitute recoverable costs), *aff'd,* 914 F.2d 267 (11th Cir. 1990).  The party moving for taxation of costs must present evidence regarding the documents copied including their use or intended use. *See Cullens v. Georgia Dept. of Trans*. 29 F.3d 1489, 1494 (11th Cir. 1994); *see also Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992)*, aff'd*, 998 F.2d 1023 (11th Cir. 1993).

Plaintiffs seek to recover the costs of copies for exhibits they used at trial, for use in the trial binders and for use at court appearances.  Plaintiff prepared the necessary binders for trial in accordance with the Court's instructions.  Thus, Plaintiff seeks to tax the cost of the copies made against Defendants.

Plaintiffs have counted the number of copies made.  The total number of copies made for court appearances was 1,200 (Pre-Trial Conference).  The total number of copies made for the trial binders and for the trial was 8,842.  The total number of copies is 10,042. The copies were essential to the Plaintiffs' case because it was the Plaintiffs' theory that the records of the Defendants contained many discrepancies. Plaintiff compared the Plaintiff's time records to the Defendant's Managers Activity Report to show voids were issued to Plaintiff CELORRIO when he was not clocked in, or that CELORRIO's time records showed he was clocked in and the time he worked for that shift was not credited to his weekly payroll.

Rates of $0.19 and $0.25 per page have been considered reasonable. *See Florida Pawnbrokers & Secondhand Dealers Ass'n, Inc. v. City of Fort Lauderdale, Fla.*, 711 F. Supp. 1084, 1086 (S.D. Fla. 1989); *Exime v. E.W. Ventures, Inc.,* 2009 WL 1759351 (S.D. Fla. June 18,

2009). Plaintiff requests copies to be taxed at a rate of $0.20 per page: 10,042 pages x $0.20 = $2,008.40.

E. **Interpreter at Trial**

CELORRIO and MORALES both speak Spanish as their first language. MORALES speaks and understands very little English, while CELORIO feels more comfortable using a translator, especially for something "as crucial as his lawsuit." Plaintiffs provided a translator for the five days of the trial, which cost $5,275.00. The translator interpreted the proceedings to CELORIO and MORALES during those five days, and CELORIO and MORALES testified in Spanish.

Costs for interpreters are explicitly recoverable under 28 U.S.C. § 1920(6). *Galdames v. N&D Inv. Corp.*, No. 08-20472-CIV, 2010 WL 11505842, at *8 (S.D. Fla. July 2, 2010), *report and recommendation adopted*, No. 08-20472-CIV, 2010 WL 11504827 (S.D. Fla. Aug. 25, 2010), *aff'd sub nom. Galdames v. N & D Inv. Corp.*, 432 Fed. Appx. 801, 2011 WL 2496280 (11th Cir. 2011). See also Defendants' Motion to Tax Costs [D.E. 181-2 pg. 5].

Because the use of a translator was necessary for both Plaintiffs to testify, understand the testimony of other witnesses, and participate in their claims' prosecution, the associated interpreter costs are recoverable.

F. **Local Rule 7.1.a.2**

Local Rule 7.1.a.2 requires "Counsel conferring with movant's counsel shall cooperate and act in good faith in attempting to resolve the dispute." Id. Plaintiffs emailed Defendants the proposed motion, the bill of costs, and the invoices on July 1, 2025. On two additional occasions, Plaintiffs emailed Defendants in an attempt to confer and suggested a phone conference. As of the date and time of this filing, Defendants have not responded.

If the Defendants file a response opposing any part of the award of costs in this Motion, the Court should reject their arguments based on their failure to follow the procedures outlined in Local Rule 7.1.a.2. *Id*. ("Failure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.").

**WHEREFORE**, Plaintiff respectfully seeks entry of an order awarding them costs against Defendants, jointly and severally in the amount of $10,434.80, and for such other and further relief as the Court deems just and proper.

### CERTIFICATE OF COMPLIANCE WITH L.R. 7.1.a.2

I hereby certify that counsel for the movant served the proposed motion, the required form, and copies of the receipts on counsel for Defendants on July 1, 2025, via email, regarding the relief sought herein. The Plaintiff emailed Defendants on July 3 and 7, asking them to confer and inviting them to schedule a phone conference. As of the date and time of this filing, Defendants' counsel has not responded.

Respectfully Submitted July 11, 2025.

/s/ Lowell J. Kuvin
Lowell J. Kuvin
Fla. Bar No.: 53072
lowell@kuvin.law
Law Office of Lowell J. Kuvin, LLC
17 East Flagler St., Suite 223
Miami, Florida 33131
Tel:   305.358.6800
Fax:   305.358.6808
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

    I hereby certify that on July 11, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will automatically send a copy to Defendants' counsel.

/s/ Lowell J. Kuvin
Lowell J. Kuvin
