**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE No. 19-cv-25283-TORRES (Consent)**

LEONARDO CELORRIO and MIKAEL
MORALES,

       Plaintiffs,

vs.

FACCI OF MERRICK PARK, INC., a Florida
for-profit corporation, FABRIZIO BUONO, an
individual, and KOSMAS KALAS, an
individual,

       Defendants.

_____/

**PLAINTIFFS' VERIFIED MOTION FOR ATTORNEYS' FEES**

    Plaintiff, LEONARDO CELORRIO and MIKAEL MORALES ("Plaintiffs"), by and

through undersigned counsel, pursuant to Fed.R.Civ.P. 54(d)(1), Local Rule 7.3(c), and this

Court's Order [DE 196], respectfully moves for entry of an Order awarding attorneys' fees

pursuant to Fla. Stat. § 448.110 and Fla. Const. Art. 10 § 24, and in support thereof states:

**I.**    **ENTITLEMENT TO AWARD OF ATTORNEY'S FEES**

    1.    Plaintiffs filed this action to establish violations of overtime and minimum wages

pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-216, as well as minimum

wage damages pursuant to Fla. Stat. § 448.110 and Fla. Const. Art. 10 § 24 ("FMWA").

    2.    Defendants denied all violations and raised fifteen (15) affirmative defenses,

including that: (1) Defendants did not willfully violate the FLSA; (2) Defendants acted in good

1

faith compliance with the FLSA; (3) that the individual Defendant, KOSMAS KALAS was not an employer of Plaintiff; and (4) Defendants paid Plaintiff all sums of money to which they were entitled.

3.  Throughout the litigation Plaintiffs' counsel initiated and engaged in settlement discussions with Defendants on numerous occasions. A review of Mr. Mullick's time records shows discussions regarding settlement: See Exhibit 1 (April 15, 202, May 13, 2020, June 12, 2020, June 18, 2020, December 11, 2020, January 5, 2021, March 24, 2021, January 11, 2022, March 11, 2022, March 15, 2022, April 27, 2022). Even after trying to settle Plaintiffs' claims, the matter proceeded to trial.

4.  The matter progressed, and after a five (5) day trial, the jury rendered verdicts in favor of the Plaintiffs.

5.  However, the Court entered judgment [DE 177] in favor of the Defendants, believing Plaintiffs' claims had expired due to the applicable statutes of limitations.

6.  Plaintiffs timely filed a motion for reconsideration [DE 178] regarding the Plaintiffs' claims.

7.  The Court granted Plaintiffs' Motion for Reconsideration as to Plaintiffs' FMWA claims and calculated "Cellario is entitled to $6,666.67 in unpaid minimum wages pursuant to his FMWA claim and Morales is entitled to $3,527.45 in unpaid minimum wages pursuant to his FMWA claim." [DE 189].

8.  On June 11, 2025, the Court entered an Amended Judgment in favor of the Plaintiffs. [DE 196].

9.  June 18, 2025, Plaintiffs filed a Motion to Correct the Final Judgment. [DE 197].

2

10. On July 1, 2025, Plaintiffs shared a copy of the Motion for Costs and Exhibits with Defendants. Defendants failed to contact or discuss Plaintiffs' Motion for Costs.

11. On July 11, 2025, Plaintiffs filed their Motion for Costs. [DE 198]. Defendants chose not to respond to the Motion and the time for doing so has passed.

12. On August 4, 2025, Plaintiff shared a copy of this Motion and the Exhibit A (Time Records) with Defendants.

## II.   THE AMOUNT OF THE AWARD

Plaintiffs are the prevailing party in this action brought pursuant to the Florida Minimum Wage Act (FMWA), §448.110. Florida Statutes, § 44    8.110(6)(c)(1) also makes an award of attorney's fees and costs mandatory.

A prevailing plaintiff means a plaintiff who has obtained a judgment, regardless of the size of the award.  29 U.S.C. § 216(b); *Morillo v. Vizcarrondo,* 2008 WL 2756524, *2 (M.D.Fla., 2008).

The reasonable hourly-rate is the prevailing market rate in the community for similar services by lawyers of reasonable comparable skill. *See Tiara Condo. Ass'n v. Marsh & McLennan Cos.,* 697 F. Supp.2d 1349, 1361 (S.D. Fla. 2009).[1]

### Calculating Plaintiffs' Counsel's Reasonable Attorneys' Fees

#### a.   Loadstar

---

[1] According to the 11th Circuit, the most important *Johnson* factor to be considered when setting the rate of pay for calculation of the lodestar is the "going rate" in the community, which is defined to mean "[a] reasonable hourly rate... in the relevant legal community for similar services by lawyers of comparable skills, experience, and reputation." *Martin v. Univ. of Ala.,* 911 F.2d 604, 610 (l1th Cir. 1990); *see also Reynolds v. Alabama Dept. ofTransp.,* 926 F. Supp. 1448, 1457 (M.D. Ala. 1995).

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

As the Eleventh Circuit Court of Appeals discussed in *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir.1994), citing *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983), "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate."

The initial estimate of a reasonable hourly attorneys' fee is properly calculated by multiplying the number of hours expended on the litigation times a reasonable hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Loranger*, 10 F.3d at 781(quoting *Norman,* 836 F.2d at 1299) (citing *Blum v. Stenson,* 465 U.S. 886, 895-96 n. 11 (1984)). Fee awards are to be calculated based upon prevailing market rates in the local community for similar services by lawyers of reasonably comparable skill, reputation and experience. *Blum*, 465 U.S. at 894. Evidence of prevailing rates for comparable services can be adduced either through direct evidence of charges by lawyers under similar circumstances or by opinion evidence. *See Duckworth v. Whisenant*, 97 F.3d 1393 (11th Cir. 1996); *Norman*, 836 F.2d at 1299. Evidence of comparable skill should be defined in terms of length and type of experience, education, professional accomplishments and reputation. *See Perkins*, 847 F.2d at 737, n.1. The Court should also analyze the skills of the organization, efficiency, knowledge of the trial practice, knowledge of the substantive law and persuasiveness in determining the skill level of the lawyer seeking an award of attorneys' fees. Adjustments to that hourly rate may then be made as necessary for a particular case. *See Blum*, 465 U.S. at 888.

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman,*

4

836 F.2d at 1299. The applicant bears the burden of producing satisfactory evidence that his requested rate is reasonable.  Testimony that a given fee is reasonable is satisfactory because "satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits." *Id.*

The Court is considered an expert on the reasonableness of the attorney's fee and may consider its own knowledge and experience concerning the reasonable and proper fees either with or without expert testimony as to value. *See Reppert v. Mint Leaf, Inc.,* 2013 U.S. Dist. LEXIS 17105, *6 (S.D. Fla. Jan. 31, 2013).

### The Number of Hours Reasonably Expended in the Case

Attached to this Motion **as Exhibit 1** are the hourly billing records for Plaintiff's counsel, Robert W. Brock II, Esq., Lowell J. Kuvin, Esq. and Sundeep K. Mullick, Esq.

In this case, as evidenced by the attached Exhibit "1," the minimum total number of hours expended by Plaintiff's counsel for representation related to Plaintiff's FLSA and FMWA claims is 403.62 hours.

The hours represented in **Exhibit 1** are reasonable and were necessary to prosecute Plaintiffs' FLSA and FMWA claims.

Mr. Mullick served as the lead pre-trial attorney, dedicating 296.7 hours. His presence at trial was essential due to the numerous documents that needed to be managed during the proceedings. These documents were vital and were presented to the jury to demonstrate the Defendants' scheme; for instance, Mr. Celorrio's time records did not show he worked on a specific day. However, Mr. Celorrio provided a signed checkout report for that day, along with the Manager's Activity Report, indicating that the manager on duty had voided an item from a

5

customer's bill on that date. Mr. Mullick's presence was also necessary at trial to support Mr. Kuvin, who has bilateral hearing loss and wears hearing aids. Mr. Mullick spent approximately 50 hours during the five (5) trial days.

Mr. Kuvin assisted with the discovery and took the deposition of the defendants. He also served as the trial attorney and presented the case to the jury. Mr. Kuvin spent a total of 101.92 hours, with 45 hours dedicated during the trial.

Mr. Brock initiated the case, interviewed the clients, and drafted the complaint. Mr. Brock expended 9.5 hours.

Counsel for Plaintiffs exercised billing judgment by maintaining contemporaneous records of time spent during the litigation and removing any entries that could be seen as excessive, redundant, or unnecessary.

The bulk of hours expended by Plaintiffs' counsel were in conducting written discovery; deposing the Defendants; analyzing Defendants' voluminous records to determine the amount of days worked by, and paid to, Plaintiffs; many, many discussions with Defendants' counsel regarding stipulations; discovery hearings; mediating the case; researching, drafting and filing several Motions (including Motion for Summary Judgment and Motions *in Limine*); appearing at hearings; preparing for trial; and post-judgment motion practice. Additional attorneys' fees were expended preparing the mandatory trial documents under the Court's requirements.

The number of hours billed was reasonable in the prosecution of this matter.

**The Fee Agreement**

Plaintiff's Fee Agreement is a contingent fee agreement and was for a reasonable attorney's fee awarded by the Court pursuant to Section 216(b) of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. or under Florida or federal statutes or case law. **See Exhibit 2**.

The case was taken on a contingent basis, and if no recovery was made, Plaintiff would not be responsible for the attorney's fees of the Law Office of Lowell J. Kuvin, LLC.

### b.  Plaintiff's Attorneys' Reasonable Hour Rate

Plaintiffs' counsel seek an hourly rate of $400.00 to $450.00 for each hour that worked on this case.

### i.  Robert W. Brock II, Esq.

 Mr. Brock has been admitted to the practice of law for ten (10) years.  Mr. Brock is an experienced attorney who has focused his practice on civil litigation.  The majority of Mr. Brock's practice has been in federal and state court at the district and circuit court.  For the last eight (8) years, Mr. Brock has practiced almost exclusively in the area of labor and employment law matters representing both plaintiffs and defendants in wage and hour cases mainly before the Southern and Middle Districts of Florida.

Mr. Brock is admitted to practice before the Northern, Southern and Middle District Courts of Florida.

The number of hours billed by Mr. Brock in this case was 9.5.  The number of hours billed by Mr. Brock was reasonable in the prosecution of this matter.  *See* Declaration of Robert W. Brock II attached hereto as **Exhibit 3.**

7

A reasonable hourly rate for an attorney with similar experience and expertise is $400.00 per hour. Mr. Brock has previously been awarded an hourly rate by this court of $400.00.

### ii.  Lowell J. Kuvin, Esq.

Mr. Kuvin has been admitted to the practice of law in 2008 and for the last seventeen (17) years has almost exclusively practiced in the area of labor and employment law matters representing both plaintiffs and defendants.  In his career, the majority of his practice has been in federal and state court at the district, circuit court and appellate levels.  In this regard, Mr. Kuvin has worked as trial counsel, co-counsel or appellate counsel in numerous matters including class and collective actions.  Mr. Kuvin is admitted to practice before the Eleventh Circuit Court of Appeals, and the Northern, Middle and Southern District Courts of Florida.

Over the last seventeen (17) years, Mr. Kuvin has handled hundreds of cases for plaintiff-employees or defendant-employers arising under local, state and federal labor laws.  Being the managing partner at the Law Office of Lowell J. Kuvin, LLC, Mr. Kuvin has also supervised and participated in the litigation by other firm attorneys of numerous plaintiffs' wage and hour cases.

Mr. Kuvin spent an additional 2.5 hours in drafting the Plaintiff's Motion for Costs, and an additional two (2) hours drafting the instant Motion.

The number of hours billed by Mr. Kuvin in this case was 101.92.  The number of hours billed by Mr. Kuvin was reasonable in the prosecution of this matter.  *See* Declaration of Lowell J. Kuvin attached hereto as **Exhibit 4.**

A reasonable hourly rate for an attorney with similar experience and expertise is $450.00 per hour.

### iii.  Sundeep K. Mullick, Esq.

Mr. Mullick has been admitted to the practice of law for over twenty (20) years and has been admitted in Florida since 2005.  Mr. Mullick is an experienced attorney who has focused his practice on civil litigation.  The majority of Mr. Mullick's practice has been in federal and state court at the district, circuit court and appellate levels.  For a least six (6) years, Mr. Mullick practiced almost exclusively in the area of labor and employment law matters representing both plaintiffs and defendants in wage and hour cases mainly before the Southern District of Florida and the Eleventh Circuit Court of Appeals.

Mr. Mullick is admitted to practice before the United States Supreme Court, the Southern and Middle District Courts of Florida and the Southern and Eastern District Courts of New York.

The number of hours billed by Mr. Mullick in this case was 296.7.  The number of hours billed by Mr. Mullick were reasonable in the prosecution of this matter.  *See* Declaration of Sundeep K. Mullick attached hereto as **Exhibit 5.**

A reasonable hourly rate for an attorney with similar experience and expertise is $400.00 per hour.

Accordingly, Plaintiff seeks an award of attorneys' fees as follows:

Robert W. Brock II, Esq. (9.5 hours x $400 per hour)         =      $3,800.00

Lowell J. Kuvin, Esq. (101.92 hours x $450 per hour)         =      $45,864.00

Sundeep K. Mullick, Esq. (296.7 hours x $400 per hour)      =      $118,680.00

                                           **TOTAL**         **$168,344.00**

WHEREFORE, Plaintiff respectfully requests that the Court grant the instant Motion in its entirety, enter an Order awarding Plaintiff attorneys' and paralegal fees in the amount of

LAW OFFICE OF LOWELL J. KUVIN

17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

**$168,344.00**, entering an amended Final Judgment including the amount of fees awarded, and granting such other and further relief as the Court deems just and proper.

Respectfully submitted August 7, 2025.

By:  **s/Lowell J. Kuvin**
　　　　Lowell J. Kuvin, Esq.
　　　　Florida Bar No. 53072
　　　　lowell@kuvin.law
　　　　*Law Office of Lowell J. Kuvin*
　　　　17 East Flagler Street, Suite 223
　　　　Miami, Florida 33131
　　　　Tel.: 305.358.6800
　　　　Fax: 305.358.6808
　　　　*Attorney for Plaintiffs*

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1.d

I hereby certify that counsel for the Plaintiffs has attempted several times to confer with Defendants' counsel in a good faith effort to resolve the issues raised herein.  Specifically, Plaintiff's counsel forwarded a draft of Plaintiff's fees Motion and Time Records on August 4, 2025. On August 5, 2025, Plaintiffs again emailed Defendants asking for a response; "I need a response, please. When would be a good time to discuss the motion and the hours? Hopefully we can come to an agreement regarding the fees and save having me and the court expend needless resources." As of the date and time of this filing, Defendants have not responded. Plaintiffs will advise the Court should the Parties reach an agreement.

## CERTIFICATION

Undersigned counsel certifies that he has reviewed the time records and supporting data, and that the instant Motion is well-grounded in fact and justified.

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to Defendants' counsel.

　　　　　　　　　　　　　　**s/Lowell J. Kuvin**
　　　　　　　　　　　　　　Lowell J. Kuvin, Esq.

10

## **<u>VERIFICATION</u>**

I declare under penalty of perjury under the laws of the United States of America, and under 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: August 4, 2025

**<u>s/Lowell J. Kuvin</u>**
Lowell J. Kuvin, Esq.

11